No. 25-1459

IN THE

# United States Court of Appeals
# for the Third Circuit

CHERYL HILEMAN,

*Plaintiff-Appellant*,

v.

WEST PENN ALLEGHENY HEALTH SYSTEM, INC.

*Defendant-Appellee.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA, NO. 2:23-CV-01119 (HORAN, M.)

**APPELLEE'S MOTION RESPONSE TO APPELLANT'S MOTION TO SUPPLEMENT THE RECORD**

Mariah H. McGrogan
Reed Smith LLP
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222
(412) 288-3152 (Tel.)
mmcgrogan@reedsmith.com

*Counsel for Defendant-Appellee West Penn Allegheny Health System, Inc.*

## APPELLEE'S MOTION RESPONSE TO
## APPELLANT'S MOTION TO SUPPLEMENT THE RECORD

Disregarding multiple provisions of the Federal Rules of Appellate Procedure ("FRAP") and misstating the Third Circuit's Local Appellate Rules ("LAR") and the procedural posture of this appeal,[1] Appellant now asks this Court to expand the record with materials that she always possessed, that she was affirmatively notified were missing from her Appendix, and that merely duplicate evidence already before the District Court.[2] Appellant's request is improper under the FRAP and Appellee West Penn Allegheny Health System, Inc.[3] respectfully requests that Appellant's Motion be denied in full.

---

[1] Appellant fails to heed the FRAP in filing her Motion, including in failing to submit the proposed "Exhibit A," in violation of FRAP 27(a)(2)(B). Additionally, although Appellant cites to LAR 11.1 in support of her Motion to Supplement the Record (ECF No. 17) (hereafter the "Motion"), LAR 11.1 deals with an appellant's duty to deposit with the court reporter the "estimated cost of the transcript of all or the necessary part of the notes of testimony taken at trial," and has nothing to do with supplementing the record on appeal.

[2] Appellant notes in her Motion that "Appellant's counsel discovered the omission in preparing the appellate mediation statement and acted promptly to seek correction." (Motion, p. 8.) The Mediation Position Papers were due by April 14, 2025. (ECF No. 12-2.) Roughly three months later and after Appellant requested a 60-day extension of time to file her Appellate Brief, Appellant only now seeks to supplement the record.

[3] This appeal is docketed as "Cheryl Hileman v. West Penn Allegheny Health System, Inc.", but Appellant incorrectly identifies Appellee as "Allegheny Health Network d/b/a Forbes Hospital" in her Motion.

## LEGAL STANDARD

It is well settled in the Third Circuit that the Court of Appeals "cannot consider material on appeal that is outside of the district court record." *In re Capital Cities/ABC, Inc.'s Application for Access to Sealed Transcripts*, 913 F.2d 89, 96 (3d Cir. 1990) (citations omitted); *see also* Fed. R. App. P. 10(a) ("The following items constitute the record on appeal: (1) the original papers and exhibits filed in the district court …").

In "exceptional circumstances" the Third Circuit **may** open the record under FRAP 10(e)(2) to correct an omission or misstatement. *See* Fed. R. App. P. 10(e)(2) ("If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded…(C) by the court of appeals."); *Burton v. Teleflex Inc.*, 707 F.3d 417, 435 (3d Cir. 2013) ("…a court of appeals may allow a party to supplement the record on appeal in exceptional circumstances.") (internal quotations omitted). In determining whether exceptional circumstances exist, the Court may consider:

> (1) whether the proffered addition would establish beyond any doubt the proper resolution of the pending issue; (2) whether remanding the case to the district court for consideration of the additional material would be contrary to the interests of justice and the efficient use of judicial resources; and (3) whether the appeal arose in the context of a habeas corpus action.

*Burton*, 707 F.3d at 435-36 (citing *Acumed LLC v. Advanced Surgical Servs.*, 561 F.3d 199, 226 (3d Cir. 2009)). It is undisputed that this appeal does not arise in the context of a

habeas corpus action. The remaining factors weigh heavily in favor of denying Appellant's Motion.

**ARGUMENT**

Appellant requests this Court allow her to supplement the record under FRAP 10(e)(2)(B)[4] with documentation previously available to her that supports what was already in the record presented to the District Court and is immaterial to the outcome of her claims.[5]

**I.** **Appellant Does Not Support Her Request To Supplement The Record With Any Case Law.**

As a preliminary matter, Appellant cited three cases in her Motion to support her argument that supplementation is warranted: *United States v. Price*, 688 F.2d 204, 215 (3d Cir. 1982), *In re Capital Cities/ABC, Inc.'s Application for Access to Sealed Transcripts*, 913 F. 2d 89, 96 (3d Cir. 1990), and *Alston v. Parker*, 363 F.3d 229, 234 n.3 (3d Cir. 2004). Each of Appellant's citations are troubling for the reasons noted in the chart below:

---

[4] Further procedural issues with Appellant's Motion should be noted. Although Appellant cites to FRAP 10(e)(2)(B) in support (Motion, p. 4), subpart (B) deals with the correction of the record by the **district court**, while subpart (C) deals with the correction of the record by the court of appeals, which is what Appellee understands Appellant to be asking this Court to do here.

[5] Perplexingly, Appellant also claims that the Parties have designated a "joint appendix pursuant to Federal Rules of Appellate Procedure 30" and "the parties compiled the evidentiary materials cited in the summary judgment record." (Motion, p. 2.) However, this is false, as the Parties have not yet designated or prepared a Joint Appendix, nor engaged in any discussion regarding the same.

| Case | Reference in Appellant's Motion | Concern |
| --- | --- | --- |
| *United States v. Price*, 688 F.2d 204, 215 (3d Cir. 1982) | "The Third Circuit has explained that Rule 10(e) 'provides a means whereby the record can be corrected so that it reflects what actually took place in the district court,' but 'does not…permit a party to supplement the record on appeal with material that was not before the district court. *United States v. Price*, 688 F.2d 204, 215 (3d Cir. 1982)." (Motion, pp. 4-5.)<br><br>"It's omission from the appendix was purely clerical, and supplementation is proper to ensure that the record before this Court 'reflects what actually took place in the district court.' *Price*, 688 F.2d at 215. The Third Circuit has thus made clear that Rule 10(e) exists precisely to correct such inadvertent omission and to avoid prejudice resulting from technical or clerical errors." (Motion, p. 5.) | The cited quotation does not appear in the opinion, which does not address FRAP 10(e) or a party's request to supplement the record on appeal. Instead, the pin cite identified by Appellant elaborates on the Court's determination that "the district court erred in staying all proceedings during the pendency of this appeal," which is not an issue in this litigation. *United States v. Price*, 688 F.2d 204, 215 (3d Cir. 1982).<br><br>Notably, efforts to locate a case that states that Rule 10(e) "provides a means whereby the record can be corrected so that it reflects what actually took place in the district court" were unsuccessful through a Lexis Nexis search of all jurisdictions. |
| *In re Capital Cities/ABC, Inc.'s Application for Access to Sealed Transcripts*, 913 F. 2d 89, 96 (3d Cir. 1990) | "Likewise, in *In re Capital Cities/ABC, Inc.*, the Court held that Rule 10(e) 'may not be used to enlarge the record on appeal to include material never before the district court, but only to correct | The quotation Appellant cites does not appear in full anywhere within this decision. Only a portion of the cited quotation appears in the decision as part of a string cite, with slightly different wording, and not at the |

| Case | Reference in Appellant's Motion | Concern |
|---|---|---|
| | omissions or misstatements about what occurred in the district court.' 913 F.2d 89, 96 (3d Cir. 1990)." (Motion, p. 5.) | pin cite Appellant cites. The text of the opinion reads: "The Seventh, Ninth and Eleventh Circuits have refused to employ Rule 10(e) to add to the record on appeal material that the district court did not consider … *United States v. Walker*, 601 F.2d 1051, 1054 (9th Cir. 1979) ('Rule 10(e) **cannot be used to add to or enlarge the record on appeal to include material which was not before the district court**.')…" (emphasis added) The remainder of the quotation does not appear in the opinion. *In re Capital Cities/ABC, Inc.'s Application for Access to Sealed Transcripts*, 913 F. 2d 89, 97 (3d Cir. 1990). |
| | | Moreover, in this case, the Third Circuit "…refuse[d] to exercise either Rule 10(e) or any inherent equitable power that may be available to supplement the record to include the extra-record items that Capital Cities included in its appendix and as an addendum to its reply brief." *Id.* at 98. |
| | | Again, efforts to locate a case that uses the exact quote used in Appellant's Motion were unsuccessful through a Lexis Nexis search of all jurisdictions. |

| Case | Reference in Appellant's Motion | Concern |
|------|--------------------------------|---------|
| *Alston v. Parker*, 363 F.3d 229, 234 n.3 (3d Cir. 2004) | "And in *Alston v. Parker*, the Court denied a motion to supplement because 'the documents were not presented to the District Court,' recognizing that Rule 10(e) is limited to ensuring the record accurately reflects what was actually before the trial court. 363 F.3d 229, 234 n.3 (3d Cir. 2004)." (Motion, p. 5.) | Again, the cited quotation does not appear in the opinion, which does not address FRAP 10(e) or a party's request to supplement the record on appeal. Instead, the pin cite states "There is nothing in the record before us that explains this unfortunate delay in the appointment of counsel." *Alston v. Parker*, 363 F.3d 229, 234 n.3 (3d Cir. 2004). |

Appellant cites no other authority in support of her position. Accordingly, none of the authority cited by Appellant supports her request to supplement the record in this appeal.

## II. Appellant Cannot Establish Exceptional Circumstances Exist To Warrant Supplementation Of The Record.

Under the appropriate legal standard, Appellant's Motion should be denied because she cannot establish that exceptional circumstances exist to warrant supplementation. As explained above, it is well established that the Third Circuit disfavors the use of FRAP 10(e) to supplement or modify the record except for in exceptional circumstances. *See Burton*, 707 F.3d at 435; *see also Kennedy v. Am. Airlines Inc.*, 760 F. App'x 136, 141-42 (3d Cir. 2019) ("Because it is our function as an appellate court to review the decision below based on the record before the District Court, we allow a party to supplement the record on appeal only in exceptional circumstances.")

(internal quotations omitted). Moreover, where the documents were either previously available to the parties or not material to their claims, the Third Circuit has consistently denied motions to supplement the record or requests to file supplemental appendices. *Id.* (denying a motion to expand the record and holding that the information the appellant sought to admit only furthered contentions based on evidence already in the record); *Gles Inc. v. MK Real Estate Developer & Trade Co.*, 511 F. App'x 189, 193 (3d Cir. 2013); *see also In re Cmty. Bank of N. Va.*, 418 F.3d 277, 317 n.32 (3d Cir. 2005); *Goins v. Echostar Communs. Corp.*, 148 F. App'x 96, 97-98 (3d Cir. 2005). Such is the case, here.

First, the proffered documents would not establish beyond any doubt the proper resolution of the pending issue because (i) Appellant had the documents in her possession, (ii) the content of the messages was quoted to the District Court and there is no evidence that the District Court did not consider it in granting Summary Judgment, and (iii) their content has no material effect on the outcome of Appellant's claims. Second, and for all the same reasons, remanding the case to the District Court for consideration of the additional material would be contrary to the interests of justice and the efficient use of judicial resources.

### A. The Proffered Documents Would Not Establish Beyond Any Doubt The Proper Resolution Of The Pending Issue.

As an initial matter, Appellant has not established – because she cannot – that exceptional circumstances exist for this Court to supplement the record because the

proposed text messages will have no effect on the proper resolution of the pending issue for three distinct reasons.

> **1. Appellant had the proffered documents in her possession and was notified as early as July 17, 2024 of their omission from her Appendix.**

First, Appellant admits that she had, at all relevant times, possession of the documents she now seeks to force into the record. Indeed, as Appellant demonstrates in her Motion, Appellant's response to Defendant's Concise Statement of Material Fact ¶ 23 specifically quoted the proposed text messages with Carol Hunter **in full**. (Motion, pp. 7-8.) Moreover, as further demonstrated by Appellant's Motion, Appellee notified Appellant and the District Court that the documents were missing from her Appendix. *Id.* ("Plaintiff does not support her 'disputes' with proper record evidence, as she does not include these pages from Plaintiff's Document Production in her Appendix."). Despite this statement, Appellant failed to supplement the record to include these documents during the summary judgment proceedings.

Now, nearly a year after being put on notice that the summary judgment record did not include these text messages, Appellant seeks to supplement them to the appellate record because of a "clerical omission." (Motion, p. 2.) This Court should not expand the record at this juncture. *See Burton*, 707 F.3d at 436 ("However, Burton could have produced this information in the first instance to the District Court in opposition to Teleflex's motion for summary judgment. She nowhere claims that this information was not in her possession.").

- 9 -

### 2. The content of the text messages was presented in the record below to the District Court.

Secondly, although Appellant failed to include the physical documents with the text messages as part of her Appendix, her arguments that they were not presented in the record to the District Court ring hollow because she quoted the text messages **in full** in her Response to Defendant's Concise Statement of Material Fact. (*See* Motion, pp. 7-8.) In other words, although Appellant failed to include the physical documents containing the text messages, Appellant presented the District Court with the content in the text messages via full quotations. *Id.*

While Appellee argued to the District Court that it should not consider the material because it was not supported in the record, there is no indication that the District Court agreed. For this reason, Appellant's request to supplement the record with copies of text messages whose content is already in the record should be denied.[6]

---

[6] Although Appellant baldly alleges that the District Court's "conclusion that Ms. Hileman waited until she was subject to disciplinary action before disclosing her disability is factually incorrect in that it disregards these text messages to Appellant's supervisor" (Motion, p. 8), she offers no evidence to support this contention. Moreover, as Appellant cites, the District Court's specific conclusion was as follows: "The record evidence is clear that Ms. Hileman never informed WPAHS of her **diabetes diagnosis** until *after* she was confronted about allegedly sleeping at work." (emphasis added) (*See Memorandum Opinion* at p. 11).

As explained in Section II(A)(3), the text messages do not demonstrate that Appellant informed her current supervisor or a decision-maker of her medical diagnosis of diabetes – only that she discussed her general health issues with a *prior* supervisor in March 2022 (who no longer had managerial responsibilities over Appellant) and again after that prior supervisor had retired in June 2022.

*See Goins*, 148 F. App'x at 97-98 ("We see no reason to employ Rule 10(e)…to include extra-record items where the documents were previously available and merely support what was already in the record.").

> **3. The text messages are immaterial because they do not substantiate Appellant's claims regarding the timing of Appellee's knowledge of her disability or her purported need for a reasonable accommodation.**

Finally, the inclusion of these text messages is immaterial because they do not substantiate Appellant's claims that Appellee knew of her diabetes diagnosis prior to her misconduct. Indeed, the quoted text messages with Carol Hunter demonstrate only: (1) in March 2022, **after** Appellant had been transitioned to a new supervisor,[7] Appellant was texting with Ms. Hunter (a former supervisor with no managerial authority over Appellant and not a decisionmaker in her termination) about her general health issues related to glucose levels, and (2) in June 2022, **after** Ms. Hunter had retired, Appellant again texted Ms. Hunter about her general health issues related to A1C and glucose levels.

The text messages do not, however, demonstrate: (1) that Appellant ever informed Ms. Hunter of her **diabetes diagnosis**, (2) that Ms. Hunter ever informed anyone else at WPAHS of Appellant's A1C or glucose levels prior to or after her retirement, or (3) that Appellant ever informed her then-*current* supervisor, Mr. Lust,

---

[7] Contrary to Appellant's misrepresentations on Page 6 of her Motion that Carol Hunter was her "then-supervisor," this is false – Michael Lust was Appellant's supervisor in March 2022.

or any of the decision-makers with respect to her termination of her diabetes diagnosis or her need for a reasonable accommodation before she was confronted about allegedly sleeping at work. Indeed, the record is clear that Ms. Hileman did not do so and that Mr. Lust was not previously aware of her medical condition or any need for a reasonable accommodation. *See* Defendant's Reply to Plaintiff's Response to Statement of Material Facts, ¶ 23 ("Hileman admits that she never informed anyone at WPAHS, including any of her colleagues or Human Resources, of her diabetes until this meeting with Lust after she was confronted about the sleeping allegations. *See id. at Ex. 2 (Hileman's Dep. Tr.) at 151:12-21 ("Q. Did Mr. Lust know that you had diabetes? A. Not until I told him. Q. In July in response to your meeting? A. Yes. Q. Is that the first time you told Mr. Lust that you had diabetes? A. Yes. Q. Is that the first time you told anyone at West Penn that you had diabetes? A. I believe so."); 54:16-20 ("Q. Did Ms. Horner – did you ever tell Ms. Horner that you had diabetes? A. No. I don't think it's any of her business."), 63:23-64:7 ("Q. Did you ever tell Angel that you had diabetes? A. No, not that I'm aware of. Q. Did you ever tell Jaime? A. No. Q. Sascha? A. No. Q. Katlyn? A. No. Q. How about Morgan? A. No."), 225:24-25 ("Q. Did Rebecca know that you had diabetes? A. No. No one knew I had diabetes."); 151:22-152:5 ("Q. Do you remember telling anyone from human resources that you had diabetes before that meeting with Mr. Lust? A. I don't recall. If you get a diagnosis, do you go out and tell all those people? Q. I'm asking you, do you recall telling HR? A. No. Q. You don't have any knowledge of telling HR? A. No.").").*

Put plainly, the text messages do not breathe life into Appellant's claims that Appellee was aware of her **diabetes diagnosis** prior to the time she was confronted about allegedly sleeping at work.

More importantly, even if Appellee did know about Appellant's medical condition (which it did not), mere awareness of a medical condition does not trigger an obligation to engage in an interactive process under the Americans with Disabilities Act ("ADA"). Indeed, it is well established in the Third Circuit that an employer cannot be held liable for failing to provide an accommodation that was never requested. *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 313 (3d Cir. 1999) ("Employers cannot assume employees are disabled and need accommodations."); *see also Walker v. Monacacy Valley Elec.*, Inc., No. 1:17-CV-2142, 2020 U.S. Dist. LEXIS 5761, at *n.10 (M.D. Pa. Jan. 14, 2020) ("Even if the court read an ADA claim into Plaintiff's complaint, he admitted, in his deposition testimony, that he never requested light work from Defendant. He thus lacks an essential element of an ADA claim."). In short, even if Appellee was aware of Appellant's medical condition, she still had an affirmative duty under the ADA to request an accommodation to trigger the interactive process. The record is undisputedly clear that Appellant never requested an accommodation for her diabetes prior to being confronted about the reports of her sleeping at work (if at all). *See* Defendant's Brief In Support of Motion for Summary Judgment, pp. 14-15. At that time, Appellee had no duty to accommodate Appellant by excusing or tolerating her misconduct, whether it was disability-related or not. *Id.* (citing *see Lassiter v. Children's*

*Hosp. of Phila.*, 131 F. Supp. 3d 331, 351 (E.D. Pa. 2015) ("When an employee requests an accommodation only after it becomes clear that an adverse employment action is imminent, such a request can be too little, too late. The ADA does not mandate that an employer excuse an employee's previous misconduct, even if it was precipitated by his or her disability.").

Because the text messages do not substantiate her claims, Appellant's Motion should be denied. *See In re Diet Drugs Prod. Liab. Litig.*, 375 F. App'x 269, 273 (3d Cir. 2010) (refusing to admit the evidence into the record under FRAP 10(e) because the evidence "is not material because it does not substantiate her claim of diet drug ingestion."); *Kennedy*, 760 F. App'x at 141-42 (denying appellant's motion to expand the record where the information sought to be admitted only furthers contentions already in the record and does not cure additional problems with the pleadings).

For these reasons, Appellant cannot establish that exceptional circumstances exist to supplement the record because the proffered text messages would not establish beyond any doubt the proper resolution of the pending issue.

### B. Remanding The Case To The District Court For Consideration Of The Additional Material Would Be Contrary To The Interests Of Justice And The Efficient Use Of Judicial Resources.

Similarly, and for all of the reasons previously explained, remanding the case to the District Court for consideration of the additional material would be contrary to the interests of justice, and Appellant cannot establish exceptional circumstances under this prong, either.

First, allowing remand in this instance would reward Appellant's failure to timely include the text messages in the record, despite having both possession of the documents and notice of their omission. This would undermine the finality and integrity of the appellate process, which is precisely the type of inefficiency that is contrary to the interests of justice.

Second, remanding for consideration the text messages would serve no legitimate purpose. As established above, the content of the texts was already before the District Court in full quotation, and Appellant has not demonstrated that the District Court failed to consider them. The actual documents themselves add nothing of substance to the record that was not already available to the District Court. Therefore, remand would not advance the interests of justice but instead result in unnecessary delay and expenditure of judicial resources, with no foreseeable impact on the outcome.

Third, the immateriality of the proposed text messages further weighs against remand. As previously discussed, the text messages do not establish that Appellee was aware of Appellant's diabetes diagnosis or her alleged need for a reasonable accommodation prior to her termination, nor do they contradict the District Court's findings. To remand under these circumstances would be contrary to the well-established principle that appellate courts review the record as it was presented to the District Court.

## CONCLUSION

Appellant's request to supplement the record is both unwarranted and without merit. As demonstrated above, supplementation is neither necessary nor appropriate under the applicable legal standard. Accordingly, the Court should deny Appellant's Motion to Supplement the Record Pursuant to Fed. R. App. P. 10(e).


Dated: July 10, 2025                    Respectfully submitted,

                                        *s/ Mariah H. McGrogan*
                                        Mariah H. McGrogan
                                        Reed Smith LLP
                                        225 Fifth Avenue, Suite 1200
                                        Pittsburgh, PA 15222
                                        (412) 288-3152 (Tel.)
                                        mmcgrogan@reedsmith.com


                                        *Counsel for Defendant-Appellee*
                                        *West Penn Allegheny Health System, Inc.*

# COMBINED CERTIFICATE OF COMPLIANCE

On this 10th day of July, 2025, the undersigned certifies that:

1. This Motion Response on behalf of the Defendant-Appellee complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(g)(1) because this Motion Response contains 3,379 words, as determined by the word-count function of Microsoft Word 2016, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f); and

2. This Motion Response complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the typestyle requirements of Federal Rule of Appellate Procedure 32(a)(6) because this Motion Response has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Garamond font.

3. I am a member in good standing of the bar of this Court.

5. This brief was scanned for viruses using Symantec Endpoint Protection and no viruses were detected.

*s/ Mariah H. McGrogan*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 10th day of July, 2025, a true and correct copy of the foregoing Brief was served upon counsel for Plaintiff-Appellant through the Court's CM/ECF system.

*s/ Mariah H. McGrogan*
Mariah H. McGrogan
