No. 25-1459

In the

# United States Court of Appeals for the Third Circuit

CHERYL HILEMAN,
                                  *Plaintiff-Appellant*,

v.

WEST PENN ALLEGHENY HEALTH SYSTEM, INC.
                                  *Defendant-Appellee*.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA, NO. 2:23-CV-01119 (HORAN, M.)

**APPELLEE'S MOTION RESPONSE TO
APPELLANT'S MOTION FOR LEAVE TO FILE OUT OF TIME**

Mariah H. McGrogan
Reed Smith LLP
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222
(412) 288-3152 (Tel.)
mmcgrogan@reedsmith.com

*Counsel for Defendant-Appellee West Penn Allegheny Health System, Inc.*

**APPELLEE'S MOTION RESPONSE TO
APPELLANT'S MOTION TO FILE OUT OF TIME**

In her Motion to File Out of Time ("Motion"), Appellant Cheryl Hileman requests that this Court permit her to file her Brief and Appendix after the 5:00 PM deadline set by this Court's Local Rules. In doing so, Appellant's counsel claims that the late filing was due to "an unforeseen technical issue with counsel's PACER account and password," as well as difficulties uploading PDF documents. (ECF No. 27). But Appellant's Motion tells an incomplete story.

Appellee West Penn Allegheny Health System, Inc. requests that the Court deny Appellant's request and dismiss her appeal for failure to prosecute – a request that it does not take lightly.

As Appellant notes, in June 2025, this Court granted her request for a 60-day extension of time to file her brief and associated appendix. (ECF Nos. 15 and 16).[1] In granting this unopposed motion, the Court stated, "any further extension of time will be presented to the Court and should be based on *exceptional circumstances*." (ECF No. 16) (emphasis added).

---

[1] Appellant filed this request the day before her brief and appendix were due without explaining why good cause did not exist earlier or could not "with due diligence have been known or communicated to the court earlier," despite the directives of Local Rule 31.4. *See* Local Rule 31.4 ("A first request for extension of time should be made at least 3 days in advance of the due date for filing the brief. A motion filed less than 3 days in advance of the due date must be in writing and **must demonstrate that the good cause on which the motion is based did not exist earlier or could not with due diligence have been made known and communicated to the court earlier**.") (emphasis added).

After Appellant late-filed her Brief and Appendix, the Court entered an Order directing Appellant's Counsel to "electronically file a Motion for leave to file Brief and Appendix out of time with a Certificate of Service attached," noting the Court's prior Notice informing the Parties of the 5:00 PM EST deadline.[2] (ECF No. 22). The Court set a deadline of August 22, 2025 for Appellant to submit the required Motion. *Id.*

Appellant failed to file the required Motion on August 22, 2025.

As a result, the Court entered another Order directing Appellant's Counsel to comply with its prior Order, which was later amended by the Court. (ECF Nos. 23 and 24). The Amended Order provided a compliance deadline of August 29, 2025. (ECF No. 24).

Appellant failed to file the required Motion on August 29, 2025.

Instead, Appellant did not file the required Motion until 11 days after the extended deadline – 18 days after the original deadline set by the Court.

Appellant offers no explanation for *these* delays.

The only explanation Appellant offers for missing the 5:00 PM deadline for the Brief and Appendix points the finger at Appellant's Counsel's staff for the late filing.

---

[2] The Court published several reasons supporting its decision to institute the 5:00 PM deadline in 2023. Among them, the Court noted that the Court's Helpdesk personnel would be available to assist with "technical and other issues when needed during regular business hours." PUBLIC NOTICE REGARDING DEADLINE RULE – MAY 2, 2023, https://www.ca3.uscourts.gov/sites/ca3/files/PublicNoticeRegardingDeadlineRule.pdf (last visited Sept. 10, 2025).

But, in truth, Appellant Counsel's disregard for the Federal Rules and Court Orders is not an anomaly; it is a habit, and this case is just one example.[3] Respectfully, Appellant Counsel's failure to make appropriate preparations to meet the 5:00 PM deadline set by this Court does not constitute "good cause" nor "exceptional circumstances."

Appellant's dilatory tactics that not only disregard the authority of this Court but also unfairly burden Appellee, forcing them to expend additional time and resources in defending against endless, unwarranted proceedings.

## CONCLUSION

At bottom, Appellant's Motion implicates more than her failure to meet the Court's filing deadline by eight minutes with respect to her Brief and 34 minutes with respect to her Appendix. That is not the only missed deadline in this case as Appellant has failed to comply with multiple Orders. As a result, Appellee requests that the Court deny Appellant's Motion or issue other sanctions as the Court deems appropriate under the circumstances.

---

[3] This is the second motion in which Appellant's Counsel has claimed "inadvertent" error. *See also* ECF No. 17 (seeking to supplement record "to correct an inadvertent clerical omission"); *see also* ECF No. 18 (noting that Appellant Counsel "disregard[ed] multiple provisions of the Federal Rules of Appellate Procedure and misstated the Third Circuit's Local Appellate Rules" in filing that motion, in addition to numerous instances where she misrepresented the content of cases cited therein). See also *Robert Sofaly v. Portfolio Recovery Associates LLC, et al*, Docket No. 24-02639 (3d Cir. Sep. 10, 2024).

Dated: September 10, 2025

Respectfully submitted,

*s/ Mariah H. McGrogan*
Mariah H. McGrogan
Reed Smith LLP
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222
(412) 288-3152 (Tel.)
mmcgrogan@reedsmith.com

*Counsel for Defendant-Appellee*
*West Penn Allegheny Health System, Inc.*

# COMBINED CERTIFICATE OF COMPLIANCE

On this 10th day of September, 2025, the undersigned certifies that:

1. This Motion Response on behalf of the Defendant-Appellee complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(g)(1) because this Motion Response contains 529 words, as determined by the word-count function of Microsoft Word 2016, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f); and

2. This Motion Response complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the typestyle requirements of Federal Rule of Appellate Procedure 32(a)(6) because this Motion Response has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Garamond font.

3. I am a member in good standing of the bar of this Court.

5. This brief was scanned for viruses using Symantec Endpoint Protection and no viruses were detected.

*s/ Mariah H. McGrogan*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 10th day of September, 2025, a true and correct copy of the foregoing Brief was served upon counsel for Plaintiff-Appellant through the Court's CM/ECF system.

*s/ Mariah H. McGrogan*
Mariah H. McGrogan
