Case No. 25-1459

# In the United States Court of Appeals for the Third Circuit

_____

CHERYL HILEMAN,
APPELLANT,

v.

ALLEGHENY HEALTH NETWORK D/B/A FORBES HOSPITAL,
APPELLEES.

_____

*ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA, NO. 2:23-cv-01119-MJH*

_____

**APPELLANT'S REPLY TO APPELLEE'S RESPONSE TO MOTION FOR LEAVE TO FILE OUT OF TIME AND RESPONSE TO APPELLEE'S MOTION TO DISMISS THE APPEAL**

_____

Joshua P. Ward
J.P. WARD & ASSOCIATES LLC
The Rubicon Building
201 S Highland Ave., Suite 201
Pittsburgh, PA 15206
(412) 545-3015
jward@jpward.com

*Counsel for Appellant*

Appellant Cheryl Hileman, by and through the undersigned counsel, hereby files this Reply to Appellee's Response to Appellant's Motion for Leave to File Brief and Appendix Out of Time and Response to Motion to Dismiss the Appeal pursuant to Fed. R. App. P. 27(a)(3) and (a)(4).

Appellant acknowledges the Court's filing rules and deadlines but respectfully submits that Appellee's request for the extraordinary sanction of dismissal is wholly disproportionate to the circumstances. *See Hildebrand v. Allegheny County*, 923 F.3d 128, 132 (3d Cir. 2019) (collecting this Court's cases acknowledging that dismissals with prejudice are "drastic sanctions" that "must be a sanction of last, not first, resort"). This Court strongly favors deciding cases on the merits "barring substantial circumstances in support of the contrary outcome." *Id*.

This matter involves no such circumstances. Appellant's Opening Brief and Appendix was filed eight minutes after the 5:00 p.m. deadline, Appendix Volume II was filed thirty-four minutes late, and the motion to file out of time was filed eleven days after the Court's amended text-order deadline. Appellant does not downplay the importance of compliance with the Court's rules of procedure; however, this appeal should proceed

on the merits under the circumstances. Appellee's request for dismissal as the ultimate result of an eight-minute delay in filing is extreme and disproportionate.

Regarding Appellant's Motion for Leave to File Brief and Appendix Out of Time, it is not particularly unusual for parties to encounter technical difficulties with CM/ECF, and this Court recently granted leave to file out of time under substantially similar circumstances. On August 19, 2025, in *Gardner v. Kutztown University, et al.*, No. 25-1310, ECF 36 (3d Cir. Aug. 19, 2025), counsel filed a brief at 5:03 p.m. — three minutes past the deadline — because the CM/ECF system displayed an erroneous password message that forced counsel to reattempt login, causing a delay in filing past 5:00 p.m. The Court granted the motion to accept the brief as timely.

Appellant's situation is materially the same. Counsel attempted to comply with the deadline in good faith, encountered an unexpected PACER login reset and minor uploading delays, and filed Appellant's brief eight minutes late and second appendix volume thirty-four minutes late. Specifically, on Friday, August 15, 2025, Appellant reset counsel's PACER password after multiple unsuccessful login attempts. On

2

Monday, August 18, 2025, while filing Appellant's Brief and Appendix, the filing staff initially attempted to log in with the old password and failed. A paralegal then assisted in accessing the account with the new password. After successfully filing the Brief and Appendix Volume I, the staff member was logged out of PACER and filed Appendix Volume II upon regaining access after reaching out to another employee for the new password. The Court's PACER records for Appellant's counsel should reflect this sequence of events.

As in *Gardner*, the cause was technical difficulties, not bad faith. If the Court found good cause there, it should do the same here. Therefore, Appellant respectfully requests that the Court grant her Motion for Leave to File Out of Time and deny Appellee's request for dismissal.

Additionally, this Court should deny Appellee's request for dismissal for failure to prosecute for the eleven-day delay in filing Appellant's motion for leave. When determining a dismissal for failure to prosecute, this Court has applied the six *Poulis* factors. *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). These factors include: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling

orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Id.*

*1. The extent of the party's personal responsibility.*

The first factor weighs in favor of Appellant. Appellant acknowledges that the Court's August 19, 2025, text order (ECF 22) required a motion for leave to be filed by August 22, 2025, later extended to August 29, 2025. (ECF 24). Counsel did not file the motion by those dates because the text-order entries were inadvertently overlooked on the docket. This was a calendaring oversight — not an intentional disregard of the Court's orders. The only culpable party in this situation is Appellant's counsel, not Appellant herself. *See Hildebrand*, 923 F.3d 128 at 133.

*2. Prejudice to the adversary.*

The second factor weighs in favor of Appellant. Appellant's Motion to File Out of Time is a "motion for procedural order" under Fed. R. App. P. 26(b), which is used to describe motions which do not substantially

4

affect the rights of the parties or the ultimate disposition of the appeal. Fed. R. App. P. 27(b) advisory committee's note to 1967 amendment. Here, Appellee's requested dismissal does substantially affect the appeal rights of Appellant and the ultimate disposition of the appeal, as a proximate result of Appellant's inadvertent failure to file a motion to file eight-minutes out of time. The delays caused no prejudice, were promptly corrected after the Clerk's call, and arose from either a minor technical difficulty or excusable neglect.

   3. *History of dilatoriness.*

Appellant does not have a history of dilatoriness in this matter. "Most cases where the court found a history of dilatoriness involved repeated delay." *Hildebrand* at 135 (citations omitted). Appellee's motion response argues that Appellant has misconstrued appellate and local rules and raised inadvertent error in her motion to supplement the record, but cannot point to any prior delays caused by Appellant in this appeal. Appellant's filings have been available on the docket since the filing deadline date of August 18, 2025, and hard copies were timely received by the Court on August 26, 2025 in compliance with L.A.R. 31.1 and 30.1(b). Accordingly, this factor weighs in favor of Appellant.

*4. Willful or bad-faith conduct.*

This factor also weighs in Appellant's favor. "In evaluating this factor, a court should look for 'the type of willful or contumacious behavior' that can be characterized as 'flagrant bad faith,' such as … making false promises to correct delays." *Hildebrand* at 135 (citation omitted). "Willfulness involves intentional or self-serving behavior." *Id*. On September 8, 2025, the Clerk of Court contacted counsel to draw attention to the outstanding orders. Counsel filed the required motion in good faith the very next morning. (ECF 27). The delay was thus eleven days, promptly cured once the issue was identified, and caused no prejudice to Appellee.

*5. Effectiveness of sanctions other than dismissal.*

As to alternative sanctions, "[a] court must consider alternative sanctions before dismissing a case with prejudice." *Id*. at 136 (citation omitted). Appellant respectfully submits that no sanction is warranted here due to the relatively short delay, good faith correction of the delay and lack of prejudice to Appellee; however, the undersigned of course defers to this Court's discretion regarding alternative sanctions other

than dismissal. As this Court has stated repeatedly, dismissal must be a sanction of last resort. *Poulis*, 747 F.2d at 869.

6. *Meritoriousness of Appellant's claims.*

While the *Poulis* factors have historically been applied to matters at the district court level under a Rule 12(b)(6) Appellant submits that she has brought a meritorious appeal arising out of ADA and FMLA issues that are ripe for clarification in this Third Circuit. Denying review under these circumstances would punish Appellant for de minimis technical difficulties and inadvertent calendaring errors, not counsel, and would deprive her of the opportunity to have substantial ADA and FMLA issues resolved on the merits.

**CONCLUSION**

For these reasons, Appellant respectfully requests that the Court reject Appellee's request for dismissal and grant Appellant's Motion for Leave to File Out of Time.

# CERTIFICATE OF COMPLIANCE

I, Joshua P. Ward, a member of the bar of this Court, certify the following:

1. This document complies with the requirements of Fed. R. App. P. 27(a), (d) and 3d Cir. L.A.R. 32.1 (2011).

2. This document complies with the word limit of either Fed. R. App. P. 27(d)(2)(A) or 32(a)(7)(B), as may be applicable, because, excluding the parts of the document exempted by Fed. R. App. 27(a)(2)(B) and 32(f), this document contains 1,287 words.

3. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word v. 16.75 and using 14-point Century Schoolbook font.

Respectfully submitted,

**J.P. WARD & ASSOCIATES, LLC**

By: */s/ Joshua P. Ward*
　　Joshua P. Ward, Esq.
　　 Pa. I.D. No. 320347
　　The Rubicon Building
　　201 South Highland Avenue
　　Suite 201
　　Pittsburgh, PA 15206
　　(412) 545-3015
　　 jward@jpward.com

　　*Counsel for Plaintiff*

# CERTIFICATE OF SERVICE

Pursuant to 3d Cir. L.A.R. 113.4(c), I certify that counsel for the opposing party is a Filing User of the Court's electronic filing system and was served electronically with the present document by the Notice of Docket Activity.

Date: September 9, 2025

J.P. WARD & ASSOCIATES, LLC

By: */s/ Joshua P. Ward*
Joshua P. Ward, Esq.
Pa. I.D. No. 320347
The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206
jward@jpward.com
(412) 545-3015

*Counsel for Plaintiff*