**J.P. WARD**
**& ASSOCIATES, LLC**
PITTSBURGH • PHILADELPHIA

JOSHUA P. WARD, ESQ.

201 S HIGHLAND AVENUE, SUITE 201
PITTSBURGH, PA 15206

412.545.3016  OFFICE
412.540.3399    FAX
INFO@JPWARD.COM

May 21, 2026

***VIA ECF ONLY***

Clerk of Court
United States Court of Appeals for the Third Circuit
James A. Byrne United States Courthouse
601 Market Street
Philadelphia, PA 19106

> **Re: Cheryl Hileman v. West Penn Allegheny Health System Inc. d/b/a Forbes Hospital; Case No.: 25-1459 – Letter Response to Order to Show Cause**

To the Honorable Court:

The undersigned respectfully submits this response to the Court's May 7, 2026 Order directing the undersigned to show cause why he should not be reprimanded or sanctioned for providing false citations and quotations in Appellant's Motion to Supplement the Record. The undersigned apologizes to the Court, defense counsel, and Appellant. The motion should not have contained quotations, citations, or characterizations of authority that had not been independently checked against the original sources. As signing attorney, the undersigned recognizes the obligation to ensure the accuracy of authorities presented to the Court and regrets that the challenged citations and quotations were not independently verified before filing. This response is intended to answer the Court's questions directly: whether the inaccurate citations and quotations were the result of artificial-intelligence hallucinations, and what steps were taken to check them before filing.

Based on the undersigned's investigation to date, the undersigned has not found evidence that the inaccurate quotations or case discussions were generated by artificial intelligence. The motion was initially drafted by a former law clerk working with the Firm. The undersigned reviewed the draft, returned it for edits, and later received a revised version containing quotations and case discussions in the legal-standard section. After the Court's Order, the undersigned reviewed the available history in the former clerk's Firm-owned ChatGPT Enterprise account and found no Hileman-related chats, prompts, or drafts concerning the motion to supplement the record.

The former clerk also did not have a Firm-issued Westlaw account. To the extent he used Westlaw for legal research, the undersigned's present understanding is that he likely used a student account or other non-Firm access. As a result, the Firm does not have account-level records showing whether he used Westlaw or any Westlaw AI-assisted research tools in connection with the motion. Based on the information presently available, the undersigned has no evidence that Westlaw AI tools, ChatGPT, or any other generative-AI tool were used to generate the inaccurate quotations or case descriptions. The undersigned cannot account for

1

every possible source outside Firm accounts and does not wish to overstate what the investigation can prove.

What is clear is that the undersigned did not independently verify the challenged quotations, case descriptions, and legal propositions against Westlaw, the Federal Reporter, or the original opinions before filing. The undersigned assumed that the cited authorities and quotations in the revised draft were accurate. That assumption was wrong, and the undersigned apologizes for it.  The issue was not caused by Appellant and was not the result of any intent to mislead this Court. The motion sought supplementation of the appellate record under Federal Rule of Appellate Procedure 10(e), based on the undersigned's belief that certain Bates-stamped text messages had been produced and cited in the district-court summary-judgment record but omitted from the filed appendix. The factual purpose of the motion was not fabricated. However, portions of the legal authority used to support that request were inaccurate, and certain authorities were inapplicable or overstated. Those inaccuracies were inadvertent and should have been identified before filing.

The undersigned did review and edit the motion before filing, including its factual theory, procedural posture, and requested relief. That review, however, did not include independent verification of the challenged citations and quotations. The undersigned did not conduct a line-by-line source check of each quotation and citation, and did not require the drafter to provide PDFs, Westlaw links, or other source materials for every quoted sentence or proposition. In hindsight, any revised draft containing new or materially revised legal authority should have triggered a complete source check before filing.

There was also a second issue after filing. Appellee's response challenged the accuracy and applicability of the authorities cited in the motion. The undersigned did not file a reply, notice of correction, or notice withdrawing the inaccurate quotations and characterizations before the Court ruled. The undersigned regrets that, after Appellee's response was filed, the challenged authorities were not independently reviewed and addressed before the Court ruled. The undersigned did not appreciate the need for a corrective filing at that time, but recognizes now that the better course would have been to review the authorities immediately and, if appropriate, notify the Court.  Although the undersigned cannot confirm after reasonable investigation that the inaccurate quotations and case discussions were AI-generated, fabricated quotations and inapplicable case descriptions are now commonly associated with generative-AI hallucinations. For that reason, and because the Court specifically asked whether artificial intelligence was involved, the undersigned also addresses the Firm's policies and protocols regarding AI use and citation verification.

The Firm has long maintained protocols and measures for reviewing filings before submission. The lead or signing attorney is responsible for the final review of every filing. As part of that review, citations, quotations, pincites, parentheticals, record references, and legal propositions are to be checked against the underlying authority or record material by a human reviewer using approved legal research tools. At the time this motion was filed, that process depended principally on manual review in Westlaw. Westlaw's Litigation Analyzer tool had not yet been released, but the Firm now uses it where appropriate as an additional initial screening tool, along with manual review of cases and quotations in Westlaw. Litigation Analyzer is useful, but it does not replace human verification.  In this instance, the final attorney review did

2

not include manual verification of the challenged quotations and case descriptions. The undersigned edited the motion and reviewed its substance, but did not independently confirm that the quotations appeared in the cited cases or that the authorities supported the propositions for which they were cited.

The Firm has also adopted written AI policies and training protocols intended to address the risks identified in Joint Formal Opinion 2024-200 of the Pennsylvania Bar Association Committee on Legal Ethics and Professional Responsibility and the Philadelphia Bar Association Professional Guidance Committee. Those policies emphasize that AI may assist with legal work, but it cannot replace lawyer judgment, record review, legal research, source verification, confidentiality obligations, or professional responsibility. They require source integrity, human verification of legal and factual assertions, and independent checking of citations, quotations, record references, and legal propositions before work product is submitted or filed. Since this issue was brought to the undersigned's attention by the Court, the Firm has reinforced the importance of strict compliance with its existing review protocols, with the undersigned included above all in that directive. Consistent with those policies, the undersigned has re-implemented and reiterated the Firm's measures regarding AI use, source integrity, citation verification, and final attorney review for this matter and for future filings. Going forward, no filing may include a case quotation unless the filing attorney or an assigned attorney has checked it against the original opinion or a reliable legal database. Any AI-assisted draft, or any draft suspected of containing AI-assisted research, must be treated as unverified until every citation, quotation, and legal proposition is checked from primary sources.

The undersigned understands that the attorney who files a paper is accountable for the accuracy of the legal authorities presented, regardless of whether a subordinate or AI tool assisted in drafting it. The undersigned also understands that false legal quotations impair the Court's ability to rely on representations made in filings. The appropriate response is candor, correction, and prevention. The undersigned respectfully submits that the inaccurate citations and quotations were inadvertent and unintentional. The undersigned did not know that any quotation or case description was inaccurate when the motion was filed. The undersigned did not instruct anyone to fabricate authority and did not intend to mislead the Court or defense counsel. The undersigned's error was assuming that the legal citations and quotations in the revised draft were accurate without independently verifying them before filing. Appellant should not bear responsibility for that error. The undersigned regrets the error, apologizes to the Court and defense counsel, and has taken corrective steps to prevent recurrence.

For these reasons, the undersigned respectfully asks the Court not to impose a monetary sanction or disciplinary reprimand. If the Court concludes that a sanction is warranted, the undersigned respectfully requests that it be limited to an admonition or remedial directive proportionate to the actual issue: an inadvertent failure to independently verify authorities in a single procedural motion, without evidence of intent to deceive. The undersigned again apologizes to the Court and assures the Court that future filings will not be submitted without independent verification of all legal quotations and citations.

Respectfully submitted,

**J.P. WARD & ASSOCIATES, LLC**

By: _____
Joshua P. Ward (Pa. I.D. No. 320347)

J.P. Ward and Associates, LLC
The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206
(412) 545-3015
jward@jpward.com

*Counsel for Appellant*